[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has moved for summary judgment claiming that the plaintiff's action is a failure to warn case which is preempted by the Federal Cigarette Labeling and Advertising Act. The defendant argues that it is therefore entitled to judgment as a matter of law. The court disagrees.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Home Ins. Co. v. Aetna Life CasualtyCo., 235 Conn. 185, 202 (1995). The defendant has, in effect, filed a motion for summary judgment claiming that the plaintiff, due to the preemption of federal law, has failed to state a claim upon which relief may be granted. The defendant did not file a motion to strike the plaintiff's claims based upon the preemption of the Federal Labeling Act but now seeks to challenge the legal sufficiency of the plaintiff's entire complaint on said grounds. Where a "defendant is challenging the legal sufficiency of the complaint by way of motion for summary judgment, rather than motion to strike, it cannot avail itself of . . . pleading deficiencies which would have been corrected as of right by the plaintiff's filing a substitute pleading pursuant to practice book § 157 had a motion to strike been filed." Gunther v. Maryland CasualtyCo., Superior Court, judicial district of Fairfield, Docket No. 310959 (January 25, 1996, Levin, J.). Rather, the defendant must demonstrate the absence of any genuine issue of material fact and that it is entitled to judgment as a matter of law. Id. Because the defendant is the party seeking summary judgment, it has the burden of demonstrating the absence of any genuine issue of material fact. Gupta v. New Britain Hospital,239 Conn. 574, 582 (1996). The defendant's reliance on a deficiency in the plaintiff's pleadings does not meet this burden. Id. CT Page 13134
The court disagrees with the defendant that this is solely a failure to warn case. Read in their entirety, the plaintiff's claims are not based only on a failure to warn theory. The complaint alleges that Arlene Dujack developed cancer because she smoked cigarettes manufactured and sold by the defendant, and that the defendants manufactured an inherently dangerous product. The plaintiffs further claim that the defendant knew or should have known of the dangerous and addictive propensities of its product and failed to adequately warn the decedent. While the failure to warn assertion is inextricably interwoven into the plaintiff's complaint, it is not the sole basis of the plaintiff's claims.
Because the plaintiff's complaint has viability apart from its failure to warn component, the motion for summary judgment is denied.
Bishop, J.